Return to:
Select Portfolio Servicing, Inc.
10401 Deerwood Park Blvd., Bldg. 2
Attention: Reconveyance Dept.
Jacksonville, FL 32256

Prepared By:
Select Portfolio Servicing, Inc.
10401 Deerwood Park Blvd., Bldg. 2
Jacksonville, FL 32256
Carolyn Griffin
(904) 722-7214

Investor Loan #·
Loan

_____Space Above for Recorder's Use _____

## HOME AFFORDABLE MODIFICATION AGREEMENT

Borrower ("I"):

Original Borrower Vesting: Eric Valcich
Original Mortgagee: J P Morgan Chase Bank
Date of Mortgage: August 12, 2003
Original Loan Amount: $560,000.00
Recorded 2/23/2004, Instrument No.,       0828, book NA and page NA
Recorded in the Official Records of Westchester County, NY

Assignment to be recorded simultaneously

**CONSOLIDATION, EXTENSION, AND MODIFICATION AGREEMENT**
This document appears to consolidate that certain mortgage dated 9/10/2002 in the
original amount of $500,000.00, that certain mortgage dated 8/12/2003 in the original
amount of $64,059.03, all into a new note in the principal amount of $560,000.00.

Lender or Servicers ("Lender"):
The Bank of New York Mellon Trust Company, NA, successor to The Bank of New York Trust Company,
NA, as trustee, for the Chase Mortgage Finance Trust Multi-Class Mortgage Pass-Through Certificates,
Series 2007-A2

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document
words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM
INSTRUMENT Form 3157   3/09  (rev. 10/10)

OBO18

Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"):
August 12, 2003

Recorded in the Official Records of Westchester County, NY
As Instrument No.,      0828, book NA and page NA

Loan Number

Property Address [and Legal Description if recordation is necessary]
65 High Street
Armonk, NY 10504

LEGAL DESCRIPTION; ATTACHED HERETO AND MADE A PART HERE OF, AS EXHIBIT 'A' The within
described premises are or are to be improved by a one or two family residence or dwelling only.

## REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document
words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM
INSTRUMENT Form 3157   3/09  (rev. 10/10)**

OBO18

HOME AFFORDABLE MODIFICATION AGREEMENT
(Step Two of Two-Step Documentation Process)

If my representations in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1.  **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

    A.  I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future

    B.  One of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;

    C.  There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;

    D.  I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM
INSTRUMENT Form 3157  3/09  (rev. 10/10)

OB018

when requesting to qualify for the Home Affordable Modification program ("Program"));

E.  Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

F.  If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and

G.  I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan.

2.  **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

A.  If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

B.  I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3157   3/09  (rev. 10/10)

OB018

3.  **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **March 1, 2014** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a workout plan or trial period plan, this modification will not take effect. The first *modified payment will be due on* **March 1, 2014.**

    A.  The Maturity Date will be: **September 1, 2033.**

    B.  The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but *excluding unpaid late charges,* collectively, Unpaid Amounts) less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be **$571,708.42** (the "New Principal Balance"). The New Principal Balance will consist of two (2) parts: (i) an amount which will accrue interest at the Note rate shown below, and on my monthly statement as Interest Bearing Principal Balance and (ii) an amount which will not accrue interest, shown below, and on my monthly statement as Deferred Principal Balance.

    C.  **$59,513.53** of the New Principal Balance shall be deferred (the Deferred Principal Balance) and I will not pay interest or make monthly payments on this amount. The new Principal Balance less the Deferred Principal Balance shall be referred to as the Interest Bearing Principal Balance and this amount is **$512,194.89.** Interest at the rate of **2.000%** will begin to accrue on the Interest Bearing Principal Balance as of **February 1, 2014** and the first new monthly payment on the Interest Bearing Principal Balance will be due on **March 1, 2014.** *My payment schedule for the modified Loan is as follows:*

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3157   3/09   (rev. 10/10)

OBO18

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-5 | 2.000% | 03/01/2014 | $1,551.06 | $924.68, may adjust periodically | $2,475.74, may adjust periodically | 03/01/2014 | 60 |
| 6 | 3.000% | 03/01/2019 | $1,801.97 | May adjust periodically | May adjust periodically | 03/01/2019 | 12 |
| 7 | 4.000% | 03/01/2020 | $2,066.82 | May adjust periodically | May adjust periodically | 03/01/2020 | 12 |
| 8-20 | 4.375% | 01/01/2021 | $2,168.60 | May adjust periodically | May adjust periodically | 03/01/2021 | 151 |

**A final balloon payment on the Interest Bearing Principal Balance of $350,941.83 is due on the Maturity Date.**

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3157  3/09  (rev. 10/10)

OBO18

The Deferred Principal Balance of $59,513.53 will be due as a balloon payment on the earlier of, payoff of the Interest Bearing Principal Balance, transfer of the property or on the Modified Maturity Date.  The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan.  My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest to be added to the outstanding principal balance.

D.    I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E.    If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I."  For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3157   3/09  (rev. 10/10)**

OBO18

F.   I agree to pay in full the Deferred Principal Balance and any other amounts still owed under the Loan Documents by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the Maturity Date.

G.   If I make a partial prepayment of Principal, the Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

4.   **Additional Agreements.** I agree to the following:

A.   That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B.   That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or other Workout Plan that I previously entered into with Lender.

C.   To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3157   3/09   (rev. 10/10)**

OBO18

D. **Funds for Escrow Items.** I will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." I shall promptly furnish to Lender all notices of amounts to be paid under this Section 4.D. I shall pay Lender the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this Section 4.D.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM
INSTRUMENT Form 3157   3/09  (rev. 10/10)

OBO18

Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay me any interest or earnings on the Funds. Lender and I can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide me, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to me for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT -- Single Family -- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3157  3/09  (rev. 10/10)

OB018

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to me any Funds held by Lender.

E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT -- Single Family -- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3157  3/09  (rev. 10/10)

OBO18

I.  That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J.  That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K.  That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification program.

L.  Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3157   3/09 (rev. 10/10)

OBO18

mortgage loan.

M.  That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity.   In addition, I understand and consent to the disclosure of my personal information and the terms of the Trial Period Plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N.  That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents."  I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O.  That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I."  For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM
INSTRUMENT Form 3157   3/09  (rev. 10/10)

OBO18

**BALLOON NOTICE.** THE TERM OF THE LOAN IS 235 MONTHS.  AS A RESULT, YOU WILL BE REQUIRED TO REPAY THE ENTIRE PRINCIPAL BALANCE AND ANY ACCRUED INTEREST THEN OWING ON THE MATURITY DATE.  THE LENDER HAS NO OBLIGATION TO REFINANCE THIS LOAN INCLUDING THE DEFERRED PRINCIPAL BALANCE AT THE END OF TERM.  THEREFORE, YOU MAY BE REQUIRED TO REPAY THE LOAN OUT OF ASSETS YOU OWN OR YOU MAY HAVE TO FIND ANOTHER LENDER WILLING TO REFINANCE THE LOAN.  ASSUMING ANOTHER LENDER REFINANCES THIS LOAN AT MATURITY, YOU WILL PROBABLY BE CHARGED INTEREST AT MARKET RATES PREVAILING AT THAT TIME AND SUCH RATES MAY BE HIGHER THAN THE INTEREST RATE PAID ON THIS LOAN. YOU MAY ALSO HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW MORTGAGE LOAN.

### REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT** – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3157  3/09  (rev. 10/10)

OBO18

1

_____          3-5-14
Eric Valcich - Borrower                     Date

_____          _____


BORROWER ACKNOWLEDGEMENT


State of NY
County Westchester

On the ____5____ day of March 2014, before me the undersigned,
personally appeared

Eric Valcich

Personally known to me or provided to me on the basis of satisfactory evidence to be the individual
whose names (s) is/are subscribed to the within instrument and acknowledged to me that he/she
executed the same in his/her capacity and that by his/her signature on the instrument, the individual,
or the person upon behalf of which the individual acted, executed the instrument.


WENDY LAWRENCE
Notary Public, State of New York
No. 01LA4999831
Qualified in Dutchess County
Commission Expires 7-25-14

_____(Seal)
Notary Public

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document
words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM
INSTRUMENT Form 3157   3/09 (rev. 10/10)**


OBO18

Select Portfolio Servicing, Inc., Attorney in Fact for The Bank of New York Mellon Trust Company, NA, successor to The Bank of New York Trust Company, NA, as trustee, for the Chase Mortgage Finance Trust Multi-Class Mortgage Pass-Through Certificates, Series 2007-A2

By: _____ Date: _3-12-2014_

**April Dwyer**
Vice President

STATE OF FLORIDA                                         DUVAL COUNTY SS:

The foregoing instrument was acknowledged before me this ____12th____ day of _____March 2014___ by __April Dwyer_____ as Vice President for Select Portfolio Servicing, Inc., Attorney in Fact for The Bank of New York Mellon Trust Company, NA, successor to The Bank of New York Trust Company, NA, as trustee, for the Chase Mortgage Finance Trust Multi-Class Mortgage Pass-Through Certificates, Series 2007-A2

Personally known _____✓_____ Or Produced Identification_____ Type of Identification Produced _____

BRIDGET GREEN
MY COMMISSION # FF 59705
EXPIRES: August 27, 2017
Bonded Thru Notary Public Underwriters

_____(Seal)
Notary Public

Bridget Green

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3157   3/09 (rev. 10/10)

OB018

EXHIBIT A
LEGAL DESCRIPTION OF PROPERTY

All that piece or parcel of land, situate in the Town of North Castle, County of Westchester and State of New York bounded and described as follows:

Beginning at a point in the Westerly line of High Street where the same is intersected by the Southerly line of land formerly of Estate of Mary E. Flewellin, as the same is shown on a certain Map filed in the Office of the Westchester County Clerk, Division of Land Records, as Map No. 3987;

Running thence from said point of beginning and along the said Southerly line of land as shown on said Map, the following courses and distances:

North 80 degrees 41 minutes 10 seconds West 96.03 feet;

North 83 degrees 13 minutes 20 seconds West 104.99 feet;

North 80 degrees 51 minutes 40 seconds West 97.21 feet; and

North 83 degrees 31 minutes 40 seconds West 1.77 feet to a point and land now or formerly of Henry H. Moger;

Thence along said land of Moger, the following courses and distances:

South 02 degrees 05 minutes 00 seconds East 21.68 feet; and

South 05 degrees 11 minutes 00 seconds East 128.32 feet to a corner;

Thence still along land now or formerly of Henry H. Moger, the following courses and distances:

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3157   3/09  (rev. 10/10)

OBO18

South 83 degrees 31 minutes 40 seconds East 1.77 feet;

South 80 degrees 51 minutes 40 seconds East 97.21 feet;

South 83 degrees 13 minutes 20 seconds East 104.99 feet; and

South 80 degrees 41 minutes 10 seconds East 96.03 feet to the said Westerly line of High Street;

Thence along the same, North 05 degrees 11 minutes 00 seconds West 128.32 feet, and North 02 degrees 05 minutes 00 seconds West 21.68 feet to the point or place of Beginning.

Assessor's Parcel No: Lot: 53; Block: 1

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3157  3/09  (rev. 10/10)

OBO18



## Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!*™

1661 Worthington Road, Ste 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

1.  All payoff funds must be sent via certified funds such as: Wire Transfer, Cashier's Check, Certified Bank Check, Title Company Check or Attorney's Escrow Check. Items which are not certified will be returned and the payoff will not be processed.

2.  Wire transfer is the preferred method of payment since it is faster, more convenient, and safer for our customers than other options. This method may mean less days of per diem interest that you have to pay on the loan being paid off, so it may end up being cheaper for you as well. To make a wire transfer, all you need to do is visit your bank and ask how to perform this simple transaction. Most banks also provide this information on their internet website. Please include borrower's last name, property address, and loan number on all remittances. All of the information you need to send a wire transfer to Ocwen is listed below:

| Make Payment To: | Ocwen Loan Servicing, LLC in Trust for Various Investors and Mortgagors |
|---|---|
| Ocwen's Account Number: | |
| ABA Routing Number: | |
| Ocwen's Bank Address: | Wells Fargo Bank, NA San Francisco, California |
| Your Ocwen Loan Number: | Ocwen Loan # 557 |

3.  If you cannot send a wire transfer, please send the check by Overnight Courier to the following address (include all of the next line): Ocwen Loan Servicing, LLC; Attention: Cashiering/ Payoff Dept; 1661 Worthington Rd; Suite 100; West Palm Beach, FL 33409; Reference: Ocwen Loan
    Please see section 1 above for accepted check types. Always include your Ocwen loan number with your remittance.

4.  To the extent permitted by law, we reserve the right to correct any portion of this statement at any time. All balances are subject to change as a result of any transactions, the assessment of any fees, or any costs being incurred with respect to the account which occur prior to the application of payoff funds. If the account is referred to foreclosure, becomes subject to a bankruptcy proceeding, or has any other fees or costs assessed to it prior to the Payoff Quote Expiration Date, this payoff quote is deemed invalid and a new payoff quote will be provided to you. Similarly, if any payments applied to this account within the prior thirty (30) days of the date of this payoff quote are reversed for any reason, including but not limited to for insufficient funds or a stop payment being placed on a check, this payoff quote is deemed invalid and a new payoff quote must be obtained from Ocwen to reflect the correct amount due and owing. Subsequent payoff quotes will reflect the full amount due.

5.  Upon receipt of payoff funds, Ocwen will verify all amounts due and contact the issuer of the funds in the event of any discrepancies. In the event that the payoff funds received are less than the total amount necessary to satisfy the loan, Ocwen will return the funds and continue to accrue interest on the loan.

6.  Issuance of this statement does not suspend the contractual requirement to make loan payments when due. If payoff funds are received after the expiration of the grace period, if such a period is applicable to this loan, a late charge will be due. Payment of all late charges will be required to be paid prior to the application of any payoff funds and satisfaction of the Mortgage/Deed of Trust.

7.  Issuing this payoff statement will not stop future escrow disbursements. Property taxes or insurance may be paid after this quote is issued. If such disbursements create escrow advances and change the amount due to satisfy the loan, they must be paid prior to the application of any payoff funds and satisfaction of the Mortgage/Deed of Trust.

8.  If the account is past due, collection expenses and legal fees may be accruing. If this is an adjustable rate Note, the per diem may change prior to payoff.

9.  Upon receipt of the entire payoff amount, Ocwen will execute a release and discharge of the Deed of Trust/Mortgage and, if necessary, will file a withdrawal in connection with any legal action if it has been taken to collect this obligation. After the payoff funds have been applied, and the account has been reconciled, any overpayment of funds will be returned to the borrower through regular mail within 30 days of the date the funds are received. Escrow account overages will be disbursed within 30 days.

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

*NMLS #: 1852*



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!*™

1661 Worthington Road, Ste 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

OCWEN

10.  Ocwen undertakes no obligation to investigate the circumstances surrounding the payoff of an account. As such, it is the customer's responsibility to notify Ocwen if the terms of the Note of Deed of Trust/Mortgage allow for waiver of the prepayment penalty in their circumstances and provide the requisite documentation to demonstrate waiver of a prepayment penalty in accordance with the terms of the Note or Deed of Trust/Mortgage. Such documentation must be provided to the Payoff Department at the address above within sixty (60)days following the date that the payoff was made.

11.  If you have questions regarding this payoff quote, please contact our Customer Care Center at (800) 746-2936.

12.  If, after speaking with our Customer Care Center, you still have questions or concerns, please feel free to contact the Ocwen  consumer advocate at the address above, by email at Ombudsman@ocwen.com  or by phone at (800) 390-4656.

13.  Please visit Ocwen's website at www.ocwen.com to verify the social security number on file for the purposes of year-end tax reporting.

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

*NMLS #: 1852*