PENACHIO MALARA, LLP
Counsel for the Debtors
235 Main Street, Suite 610
White Plains, NY 10601
Anne Penachio, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

                                               Chapter 11

ERIC DAVID VALCICH and
JENNA MARIE COSMO,                           Case No.: 13-22035 (RDD)

                                   Debtors.
-------------------------------------------------------------------X

# CHAPTER 11 SECOND AMENDED PLAN OF
## REORGANIZATION OF THE DEBTORS

Table of Contents

Article I RULES OF CONSTRUCTION AND DEFINITIONS ......................................................1

    1.01   Rules of Construction ................................................................. 1

    1.02   Definitions ................................................................................. 2

Article II PROVISION FOR THE TREATMENT OF STATUTORY FEES,
          ADMINISTRATIVE CLAIMS AND PRIORITY TAX CLAIM .................................5

    2.01   Generally .................................................................................... 5

    2.02   Statutory Fees ........................................................................... 5

    2.03   Treatment of Administrative Claims ......................................... 6

Article III CLASSIFICATION OF CLAIMS ...............................................................................6

    3.01   Classes ...................................................................................... 6

Article IV TREATMENT OF CLAIMS AND INTERESTS .......................................................6

    4.01   Treatment of Class 1 – Secured Claims..................................... 6

    4.02   Treatment of Class 2 – Priority Claims .................................... 7

    4.03   Treatment of Class 3 – General Unsecured Claims................... 7

Article V MEANS FOR IMPLEMENTATION OF THE PLAN...................................................8

    5.01   Funding of Plan ......................................................................... 8

    5.02   Causes of Action........................................................................ 8

    5.03   Cancellation of Instruments and Agreements............................ 9

    5.04   Objections to Claims ................................................................. 9

Article VI DISTRIBUTIONS ....................................................................................................10

    6.01   Distributions  on Claims Allowed as of the Consummation Date............................. 10

    6.02   Means of Cash Payment ............................................................ 10

    6.03   Reserve for Disputed Claims..................................................... 10

6.04    Delivery of Distributions ........................................................................... 11

6.05    Withholding and Reporting Requirements ................................................. 12

6.06    Setoffs ...................................................................................................... 12

6.07    Unclaimed Distributions ........................................................................... 13

6.08    Fractional Cents ........................................................................................ 13

6.09    Payments of Less Than Five Dollars ........................................................ 13

Article VII UNEXPIRED LEASES AND EXECUTORY CONTRACTS .................................. 14

7.01    Assumption/Rejection of Executory Contracts and Leases ....................... 14

7.02    Claims Based on Rejection of Executory Contracts or Unexpired leases. ................. 14

Article VIII CONDITIONS PRECEDENT TO EFFECTIVENESS OF THE PLAN ................. 15

8.01    Conditions Precedent to Confirmation of the Plan. .................................... 15

8.02    Conditions Precedent to Effective Date of the Plan .................................. 15

8.03    Waiver of Conditions ................................................................................. 15

8.04    Effect of Failure of Condition .................................................................. 15

Article IX EFFECT OF CONFIRMATION ................................................................................ 16

9.01    Authority to Effectuate Plan ..................................................................... 16

9.02    Binding Effect ........................................................................................... 16

Article X DISCHARGE; LIMITATION OF LIABILITY .......................................................... 16

10.01    Discharge ................................................................................................ 16

10.02    Limitation of Liability ............................................................................. 16

10.03    Injunction ............................................................................................... 17

Article XI RETENTION OF JURISDICTION ............................................................................ 17

Article XII MISCELLANEOUS PROVISIONS ......................................................................... 18

12.01    Headings ................................................................................................ 18

ii

12.02    Revocation ........................................................................................................ 19

12.03    Notices ............................................................................................................. 19

12.04    Pre-Confirmation Modification ......................................................................... 19

12.05    Post-Confirmation Immaterial Modification ...................................................... 20

12.06    Successors and Assigns...................................................................................... 20

12.07    Governing Law .................................................................................................. 20

12.08    Saturday, Sunday or Legal Holiday ................................................................... 21

12.09    Enforceability.................................................................................................... 21

12.10    Plan Controls..................................................................................................... 21

12.11    Reservation of Rights......................................................................................... 21

12.12    Substantial Consummation ................................................................................ 21

Article XIII CONFIRMATION REQUEST .................................................................... 22

**INTRODUCTION**

ERIC DAVID VALCICH and JENNA MARIE COSMO, the debtors and debtors-in-possession herein (together, the "Debtors"), hereby propose this Second Amended Chapter 11 Plan of Reorganization pursuant to § 1121(c) of title 11 of the United States Code. Reference is made to the Debtors' Disclosure Statement for risk factors and a summary and analysis of the Plan and certain related matters. The Debtors are the proponents of the Plan within the meaning of 11 U.S.C. § 1129. Subject to the restrictions on modifications set forth in 11 U.S.C. § 1127, Rule 3019 of the Federal Rules of Bankruptcy Procedure and the provisions of the Plan, the Debtors expressly reserve the right to alter, amend or modify the Plan, as needed, at any time prior to substantial consummation thereof.

**Article I
RULES OF CONSTRUCTION AND DEFINITIONS**

**1.01   Rules of Construction**

In this Plan, unless otherwise provided, the capitalized terms will have the meanings set forth in Section 1.02 of this Article.

(a)    Any capitalized term used in this Plan that is not defined in Section 1.02 of this Article will have the meaning ascribed to such term in the Bankruptcy Code.

(b)    The rules of construction used in § 102 of the Bankruptcy Code will apply to the construction of this Plan.

(c)    For the purposes of the Plan, wherever the Plan provides that a payment, distribution or other action shall occur "on" any date, it shall mean "on, or as soon as practicable after" such date.

(d)    For the purposes of this Plan, the meanings below and in the Bankruptcy Code will apply equally to the singular, plural and possessive forms and masculine, feminine and neutral genders of the defined terms.

(e)     All of the following definitions are intended to be, and hereby are, part of the substantive provisions of this Plan and have the same force and effect as any other provision of this Plan.

(f)     For the purposes of the Plan, whenever notice is required, notice shall be effective when given.

### 1.02   **Definitions**

(a)     "Administrative Claim" means any Claim constituting a cost or expense of administration incurred on or after the Petition Date of the kind described in § 503(b) or § 507(a) of the Bankruptcy Code, including, without limitation, all allowances of compensation or reimbursement of expenses to Professionals to the extent allowed by the Bankruptcy Court.

(b)     "Allowed" or "Allowed Amount", when referring to a Claim, means the amount that is scheduled by or on behalf of the Debtors as not disputed, contingent or unliquidated, or proof or request for payment of which has been filed timely with the Bankruptcy Court and, in either case, a Claim: (a) as to which no objection has been interposed within one-hundred and eighty (180) days after the Effective Date (unless such period is extended by the Bankruptcy Court); or (b) as to which an objection has been interposed and such Claim has been allowed by a Final Order of the Bankruptcy Court, or any other Claim specifically identified in the Plan as an Allowed Claim.

(c)     "Ballot" means the form distributed to holders of Claims for use in voting to accept or reject the Plan.

(d)     "Bankruptcy Code" means title 11 of the United States Code (11 U. S.C. § 1101 et seq.), as in effect on the Petition Date and as amended after the Petition Date and during the Debtors' Chapter 11 Case.

(e)     "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of New York, including the United States Bankruptcy Judges presiding over the Debtors' Chapter 11 Case, and to the extent it is necessary and appropriate for jurisdiction to be exercised by the United States District Court for the Southern District of New York, including the United States District Judges, this definition will include same.

(f)     "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure as in effect on the Petition Date.

(g)     "Business Day" means any day on which commercial banks are open for business in New York, New York.

(h)     "Cash" means all cash and cash equivalents including, without limitation, lawful currency of the United States of America, wire transfers of funds, checks and other readily marketable direct obligations of the United States of America and certificates of deposits issued by banks.

2

(i)    "Causes of Action" means all claims, actions, third-party claims, counterclaims and cross claims (including, without limitation, any avoidance, recovery, or subordination actions against insiders and/or any other persons or entities under §§ 510, 542, 543, 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code) in favor of the Debtors and/or the Estate existing on the Effective Date against any entity based in law or equity, whether direct, indirect, derivative or otherwise, and whether asserted or unasserted as of the date of entry of the Confirmation Order.

(j)    "Chapter 11 Case" means the Debtors' case under chapter 11 of the Bankruptcy Code, styled "In re: Eric David Valcich and Jenna Marie Cosmo," Case No. 13-22035 (RDD).

(k)    "Claim" means any right to payment from the Debtors, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, known or unknown; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtors, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, disputed, undisputed, secured or unsecured.

(l)    "Claimant" shall mean the holder of a Claim.

(m)    "Class" means a category of holders of Claims as provided for in this Plan.

(n)    "Confirmation" means the entry of the Confirmation Order on the docket in the Chapter 11 Case.

(o)    "Confirmation Date" means the date of entry the Confirmation Order on the docket in the Chapter 11 Case.

(p)    "Confirmation Hearing" means the hearing before the Bankruptcy Court or other court of competent jurisdiction on Confirmation of the Plan.

(q)    "Confirmation Order" means an order of the Bankruptcy Court confirming the Plan in accordance with the Bankruptcy Code.

(r)    "Debtors" means Eric Valcich and Jenna Marie Cosmo together.

(s)    "Disbursing Agent" means the agent appointed by the Court to make Distributions under the Plan. Unless otherwise directed by the Court, the Debtors' counsel shall serve as the Disbursing Agent.

(t)    "Disputed" means, with respect to a Claim, a Claim to which the Debtors, or any other party have timely objected as to the validity, priority and/or amount asserted by the holder of the Claim.

(u)    "Distribution(s)" means the distribution(s) of Cash to be made to holders of Allowed Claims under the provisions of the Plan.

(v)    "Distribution Reserve" has the same meaning as set forth in Section 6.03(b) hereof.

(w)    "Distribution Date" means the date on which Distributions are made on behalf of the Debtors.

(x)    "Effective Date" means the first business day which is  fourteen days after the Confirmation Date.

(y)    "Estate" means the estate created in the Chapter 11 Case pursuant to § 541 of the Bankruptcy Code.

(z)    "Final Order" means an order of a court as to which: (a) any appeal that has been taken has been determined finally or dismissed; or (b) the time for appeal has expired and (i) no timely appeal has been filed and (ii) no order having the effect of tolling or otherwise extending the appeal period is in effect.

(aa)    "General Unsecured Claim" means any Claim against the Debtors other than a Statutory Fee, Administrative Claim, Priority Claim or Secured Claim.

(bb)    "Lien" means any valid and enforceable lien, mortgage, security interest, pledge, charge, encumbrance, or other legally cognizable security device of any kind.

(cc)    "Person" means any individual, corporation, partnership, association, joint stock company, joint venture, estate, trust, unincorporated organization or governmental unit or subdivision thereof or any other entity.

(dd)    "Petition Date" means January 11, 2013.

(ee)    "Plan" means this Chapter 11 Plan of Reorganization, either in its present form or as it may be altered, amended or modified from time to time, along with all exhibits thereto.

(ff)    "Post-Confirmation Debtors" means the Debtors in their post-Confirmation Order state.

(gg)    "Priority Claim" means a claim entitled to priority status under 11 U.S.C. § 507.

(hh)    "Professionals" means all attorneys, accountants, financial consultants and/or other professional persons retained in the Chapter 11 Case or to be compensated by a Final Order pursuant to §§ 327, 328, 330, 331, 503(b) and/or 1103 of the Bankruptcy Code.

(ii)    "Pro Rata" means, with respect to any Allowed Claim in any Class, the proportion that such Allowed Claim bears to the aggregate amount of all Allowed Claims in such Class.

(jj)    "Schedules" means the schedules of assets and liabilities, schedules of executory contracts and the statement of financial affairs filed in the Chapter 11 Case as required by § 521

4

of the Bankruptcy Code, the Official Bankruptcy Forms and the Bankruptcy Rules, and all amendments thereto.

(kk)   "Secured Claim" means any Claim that is secured by a Lien against any property of the Estate, but only to the extent that such Claim is not greater than the value of the assets of the Estate securing such debt.

(ll)   "Statutory Fees" means any amounts that may be due to the U.S. Trustee, including any fees or charged assessed against the Estate under 28 U.S.C. § 1930.

(mm) "U.S. Trustee" means the Office of the United States Trustee.

## Article II
## PROVISION FOR THE TREATMENT OF STATUTORY FEES, ADMINISTRATIVE CLAIMS AND PRIORITY TAX CLAIM

### 2.01   Generally

Pursuant to § 1123 of the Bankruptcy Code, Statutory Fees and Administrative Claims are not classified. The treatment of and consideration to be received by holders of Allowed Administrative Claims and the U.S. Trustee for Statutory Fees pursuant to the Plan shall be in full and complete satisfaction, settlement, release and discharge of such Claims. The Debtors' obligations in respect of Statutory Fees and Allowed Administrative Claims shall be satisfied in accordance with the terms of the Plan.

### 2.02   Statutory Fees

All Statutory Fees payable to the U.S. Trustee, including those owed under 28 U.S.C. § 1930(a)(6), shall be fully paid. Such Statutory Fees that are due on or prior to the Effective Date, shall be paid no later than ten (10) days after the Effective Date. Such Statutory Fees that may become due after the Effective Date shall be paid as they become due by the Debtors until the entry of a final decree in the Chapter 11 Case, or until the case is closed, converted or dismissed.

**2.03  Treatment of Administrative Claims**

Each holder of an Allowed Administrative Claim shall receive the full amount of its Allowed Administrative Claim in Cash (a) on the latter of the Effective Date and the date such Administrative Claim is Allowed, or (b) on such other terms as mutually agreed to by the holder of an Allowed Administrative Claim and the Debtors.

**Article III
CLASSIFICATION OF CLAIMS**

**3.01  Classes**

A Claim is classified in a particular Class only to the extent that the Claim falls within the description of that Class and is classified in another Class or Classes to the extent that any remainder of the Claim falls within the description of such different Class. A Claim is classified in a particular Class only to the extent that the Claim is an Allowed Claim which has not been paid, released or otherwise satisfied before the closing of the Chapter 11 Case by final decree.

(a)     Class 1: Shall consist of all Secured Claims.

(b)     Class 2: Shall consist of all Priority Claims.

(c)     Class 3: Shall consist of all General Unsecured Claims.

**Article IV
TREATMENT OF CLAIMS AND INTERESTS**

**4.01  Treatment of Class 1 – Secured Claims**

Class 1 Secured Claims are not impaired under the Plan. Each holder of an Allowed Class 1 Secured Claim shall retain its Lien and rights under its post-Petition Date agreement with the Debtors.  Allowed Secured Claims shall be paid by the Debtors directly to the holder of the Allowed Secured Claim in monthly installments pursuant to the post-Petition Date contract between the Debtors and the holder of such Secured Claim until the Allowed Secured Claim is

6

paid in full. Said treatment shall be in full satisfaction of such Secured Claim. The Class 1 Secured Claims shall include interest, fees and changes to the extent provided in the claimant's post-Petition Date agreement with the Debtors. Class 1 Claimants are not impaired and therefore not entitled to vote on the Plan.

### 4.02    Treatment of Class 2 – Priority Claims

. On the Effective Date, the Debtors, through the Disbursing Agent, shall distribute Cash to the holders of Allowed Class 2 Priority Claims, in full satisfaction of said Claims, in an amount equal to such Allowed Claim with any accrued interest on the Effective Date. Therefore, Class 2 Claimants are not impaired and not entitled to vote on the Plan.

### 4.03    Treatment of Class 3 – General Unsecured Claims

The Debtors, through the Disbursing Agent, shall distribute to the holders of Allowed Class 3 General Unsecured Claims, in full satisfaction of such Claims, Cash equal to their Pro Rata share of $90,000.00 in Cash to be distributed under the Plan after distribution for Statutory Fees, unclassified Claims and Class 2 Claims under the Plan. Holders of Allowed Class 3 Claims will not receive a Distribution until the following are paid in full hereunder: (a) Statutory Fees; (b) Allowed Administrative Claims; and (c) Allowed Class 2 Claims. The Debtors anticipate that holders of Class 3 Claims will not receive a Distribution until approximately 12 months after the Effective Date.  Once the condition to payment is satisfied, Class 3 Claims shall be paid on at least quarterly terms. Class 3 is impaired under the Plan and, as such, the holders of Allowed Class 3 General Unsecured Claims are entitled to vote on the acceptance/rejection of the Plan.

**Article V**
**MEANS FOR IMPLEMENTATION OF THE PLAN**

### 5.01   Funding of Plan

The source of funds to achieve consummation of and to carry out the Plan shall be from the Debtors' future income. The Debtors shall devote the sum of $90,000.00 (plus the proceeds of any Causes of Action, if any) to the Plan's treatment of Statutory Fees, Allowed Administrative Claims, Class 2 Claims and Class 3 Claims, payable with an initial payment of $15,000.00 and the balance of $75,000.00 in installments to the Disbursing Agent of $1,500.00 per month for 50 months. The Disbursing Agent shall, in turn, make the Distributions under the Plan in quarterly or more frequent installments.

### 5.02   Causes of Action

Except as otherwise provided in the Plan, any and all rights or claims arising under any theory of law or fact including, without limitation, Causes of Action accruing to or assertable by the Debtors or their Estate, shall remain assets of the Estate pursuant to § 1123(b)(3)(B) of the Bankruptcy Code and on the Effective Date shall be transferred to and vest in the Post-Confirmation Debtors. Pursuant to § 1123(b)(3)(B) of the Bankruptcy Code, only the Debtors and/or the Post-Confirmation Debtors shall have the right to pursue or not to pursue, or, subject to the terms of this Plan, compromise or settle, any Causes of Action. The Bankruptcy Court shall retain jurisdiction to adjudicate any and all Causes of Action and any other claims preserved in this section, whether commenced prior to or after the Effective Date. The Debtors are not aware of any Causes of Action or other claims to be pursued in this case.

**5.03   Cancellation of Instruments and Agreements**

Upon the occurrence of the Effective Date, except as otherwise provided in the Plan (including as to all post-Petition Date contracts evidencing Class 1 Claims) all promissory notes, shares, certificates, instruments, indentures, stock or other agreements evidencing, giving rise to or governing any Claim shall be deemed cancelled and annulled and superseded by the Plan, without further act or action under any applicable agreement, law, regulation, order or rule and the obligation of the Debtors under such promissory notes, shares, certificates, instruments, indentures, or agreements shall be discharged.

**5.04   Objections to Claims**

From and after the Effective Date of the Plan, the Post-Confirmation Debtors shall be the sole representative of the Debtors' Estate for all purposes, including, without limitation, investigating, settling, compromising, objecting to, and litigating objections to Claims in the Bankruptcy Court or elsewhere. Objections to Claims, if any, shall be filed by the Debtors/Post-Confirmation Debtors with the Bankruptcy Court and served upon each affected Claimant no later than thirty (30) days after the Effective Date; *provided, however*, that this deadline may be extended by the Bankruptcy Court upon motion of the Debtors,  on notice to the affected Claimant, for cause. In the event any proof of claim is filed or asserted after the Effective Date, the Debtors/Post-Confirmation Debtors shall have one-hundred eighty (180) days from the date of such filing or notice to object to such Claim, which deadline may be extended by the Court upon motion of the Debtors/Post-Confirmation Debtors  on notice to the affected Claimant, for cause.

## Article VI
## DISTRIBUTIONS

### 6.01   Distributions  on Claims Allowed as of the Consummation Date

Holders of Class 2 and Class 3 Claims shall be paid by the Disbursing Agent. Except as otherwise provided herein or as ordered by the Court, Distributions to be made on account of Class 3 Claims shall commence on the Distribution Date therefor, and continue thereafter in monthly installments. Class 1 Claims shall be paid to the holder of the Class 1 Claim directly by the Debtors in accordance with the terms of the  agreements between the Debtors and the holders of the Class 1 Claim.

### 6.02   Means of Cash Payment

Cash payments made pursuant to the Plan shall be in U.S. funds, by check or wire transfer, or in such commercially reasonable manner as the Disbursing Agent shall determine in its sole discretion.

### 6.03   Reserve for Disputed Claims

(a)   No Distributions Pending Allowance

Notwithstanding any other provision of the Plan, no payments or Distributions shall be made with respect to the disputed portion of a Disputed Claim unless and until the objection to such Disputed Claim has been settled or withdrawn or has been determined by Final Order. That portion of the Disputed Claim to which there is no dispute shall be paid as otherwise provided for in this Plan.

(b)   Establishment of Distribution Reserve/Claim Estimation

The Disbursing Agent shall withhold from the Cash to be distributed under the Plan an amount equal to the Disputed amount of each Disputed Claim (the "Distribution Reserve").  Such

10

fund will be kept at an authorized depository for the Southern District of New York. As to any Disputed Claim, upon a request for estimation under Bankruptcy Code § 502(c) by the Debtors and/or the Post-Confirmation Debtor, as the case may be, the Court shall determine what amount is sufficient to withhold as the Distribution Reserve. The Debtors and/or the Post-Confirmation Debtors, as the case may be, may request estimation for every Disputed Claim that is unliquidated and the Disbursing Agent shall withhold in Cash the Distribution Reserve based upon the estimated amount of such Claim or Interest as set forth in a Final Order.

( c)   <u>Distributions After Allowance</u>

The Disbursing Agent shall make Distributions from the Distribution Reserve to each holder of a Disputed Claim that has become an Allowed Claim in accordance with the provisions of the Plan governing the Class of Claims to which such Claimant belongs. On the next succeeding interim Distribution Date after the date that the order or judgment of the Court allowing all or part of such Claim becomes a Final Order, the Disbursing Agent shall distribute to the holder of such Claim any Cash that would have been distributed on the Distribution Date and all prior Distribution Dates had such Allowed Claim been Allowed on the Effective Date. After a Final Order has been entered, or other final resolution has been reached, disallowing in whole or in part a Disputed Claim, reserved Cash equal to such disputed remaining in the Distribution Reserve shall become Property of the Debtor's Estate, to be utilized in accordance with the provisions of this Plan.

**6.04  <u>Delivery of Distributions</u>**

Subject to Order(s) of the Court to the contrary, Distributions to holders of Allowed Claims shall be made by the Disbursing Agent (a) at the addresses set forth on the last proof of Claim filed

by such holders (or at the last known addresses of such holders if no proof of Claim is filed or if the Disbursing Agent shall not have been notified, in writing, of a change of address), (b) at the addresses set forth in any written notices of address changes delivered to the Disbursing Agent after the date of any related proof of Claim, or (c) at the addresses reflected in the Schedules if no proof of Claim has been filed and the Disbursing Agent has not received a written notice of a change of address. If any Claimant's Distribution is returned as undeliverable, no further distributions to such Claimant shall be made unless the Disbursing Agent is properly notified within 180 days following such return of such Claimant's address change. Amounts in respect of undeliverable Distributions made through the Disbursing Agent shall be utilized in satisfaction of remaining Allowed Claims hereunder. All claims for undeliverable Distributions must be made on or before the 180 day anniversary of the application Distribution Date. See Section 6.07 of this Plan.

### 6.05   Withholding and Reporting Requirements

In connection with this Plan and all Distributions hereunder, the Disbursing Agent shall, to the extent applicable, comply with all tax withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority, and all Distributions hereunder shall be subject to any such withholding and reporting requirements. The Disbursing Agent shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding and reporting requirements.

### 6.06   Setoffs

The Disbursing Agent may, but shall not be required to, set off against any Claim, and the Distributions to be made pursuant to the Plan in respect of such Claim, claims of any nature whatsoever that the Debtors or their Estate may have against the holder of such Claim; *provided,*

*however,* that neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Disbursing Agent of any such claim that the Debtors or their Estate may have against such holder. The parties subject to set off will receive a notice of set off.

### 6.07 Unclaimed Distributions

Any unclaimed Distributions (including Distributions made by checks which fail to be negotiated) shall be retained by the Disbursing Agent in trust for the beneficial holders of Allowed Claims entitled thereto for a period of one-hundred eighty (180) days after the applicable Distribution Date. Any Distribution remaining unclaimed one-hundred eighty (180) days after the applicable Distribution Date shall be canceled (by a stop payment order or otherwise), the Claim relating to such Distribution shall be deemed disallowed and expunged, and the holder of such Claim shall be removed from the Claims list and shall receive no further Distributions under the Plan. Any and all cancelled Distributions shall be deemed available Cash and shall be distributed to the holders of Allowed Claims in accordance with the Plan.

### 6.08 Fractional Cents

Any other provision of the Plan to the contrary notwithstanding, no payment or Distribution in fractions of cents will be made. Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding down or rounding up of such fraction to the nearest whole cent.

### 6.09 Payments of Less Than Five Dollars

If a Cash Distribution otherwise provided for by the Plan with respect to an Allowed Claim would be less than five dollars ($5.00) (whether in the aggregate or on any payment date provided in the Plan), notwithstanding any contrary provision of the Plan, the Disbursing Agent shall not be

required to make such payment and such funds shall be otherwise distributed to holders of Allowed Claims in accordance with the Plan.

## Article VII
## UNEXPIRED LEASES AND EXECUTORY CONTRACTS

### 7.01   Assumption/Rejection of Executory Contracts and Leases

The Debtors are not parties to any leases or executory contracts that they know of. Notwithstanding, on the Effective Date, all executory contracts and unexpired leases, if any, to which the Debtors are a party as of the Effective Date which were not previously rejected, assumed, or assumed and assigned by the Debtors shall be deemed rejected and abandoned under the Plan as of the Effective Date in accordance with the provisions and requirements of §§ 365 and 1123 of the Bankruptcy Code.

### 7.02   Claims Based on Rejection of Executory Contracts or Unexpired leases.

All proofs of claim with respect to any Claims arising from the rejection of executory contracts or unexpired leases that are not already covered by an applicable bar date order must be filed with the Bankruptcy Court within thirty (30) days after the mailing of notice of the entry of the Confirmation Order. The failure of any counter-party of such an executory contract or unexpired lease to file a proof of claim within the period proscribed shall forever bar it from asserting against the Estate any Claim for damages arising from the rejection of its executory contract or unexpired lease with the Debtors. The filing of any such proof of claim shall be without prejudice to any and all rights that the Debtors may have to object to the allowance thereof on any and all available grounds.

14

## Article VIII
## CONDITIONS PRECEDENT TO EFFECTIVENESS OF THE PLAN

**8.01**    **Conditions Precedent to Confirmation of the Plan.**

It is a condition to Confirmation that:

(a)    the Confirmation Order shall approve in all respects all of the provisions, terms and conditions of the Plan, and

(b)    the Confirmation Order is satisfactory to the Debtors in form and substance.

**8.02**    **Conditions Precedent to Effective Date of the Plan**

The Plan shall not become effective unless and until each of the following conditions have been satisfied or waived:

(a)    The Bankruptcy Court shall have entered the Confirmation Order; and

(b)    The Confirmation Order shall have become a Final Order.

**8.03**    **Waiver of Conditions**

The Debtors may at any time, without notice or authorization of the Bankruptcy Court, waive any or all of the conditions set forth in Sections 8.01(b) and/or 8.02(b) above. The failure of the Debtors to satisfy or waive such condition may be asserted by the Debtors regardless of the circumstances giving rise to the failure of such condition to be satisfied (including any actions taken by the Debtors). The Debtors reserve their right to assert that any appeal from the Confirmation Order shall be moot after substantial consummation of the Plan.

**8.04**    **Effect of Failure of Condition**

In the event that the conditions specified in Sections 8.01 and/or 8.02 hereof have not occurred or been waived on or before one-hundred eighty (180) days after the Confirmation date, the Confirmation Order maybe vacated upon order of the Bankruptcy Court upon request made by the Debtors or any party in interest and an opportunity for parties in interest to be heard.

15

**Article IX**
**EFFECT OF CONFIRMATION**

### 9.01   Authority to Effectuate Plan

Upon the Confirmation Order becoming a Final Order, all matters provided under the Plan shall be deemed to be authorized and approved without the requirement of further approval from the Bankruptcy Court or the Debtors. The Debtors shall be authorized, without further application to or order of the Bankruptcy Court, to take whatever action is necessary to achieve consummation and carry out the Plan and to effectuate the transactions provided for thereunder.

### 9.02   Binding Effect

Except as otherwise expressly provided for in the Plan, on and after the Effective Date, the Plan shall bind all holders of Claims, whether or not such holders voted to accept or reject the Plan.

**Article X**
**DISCHARGE; LIMITATION OF LIABILITY**

### 10.01   Discharge

In accordance with § 1141(d)(5) of the Bankruptcy Code, upon the completion of all Distributions required under the Plan, the Bankruptcy Court will enter a discharge of the Debtors from their debts that arose before the Confirmation Date. As such, the rights afforded in the Plan and the treatment of all Claims therein shall be in exchange for and in complete satisfaction and release of all Claims of any nature whatsoever (including any interest accrued on such Claims), from and after the Petition Date against the Debtors and their Estate except as otherwise provided in the Plan, in § 1141 of the Bankruptcy Code, or in the Confirmation Order.

### 10.02   Limitation of Liability

In accordance with § 1125(e) of the Bankruptcy Code, upon the Effective Date, neither the Debtors nor their counsel or agents shall have incurred or shall incur any liability to any holder of

a Claim or any other Person for any act or omission in connection with, or arising out of, the Disclosure Statement, the pursuit of approval of the Disclosure Statement, the pursuit of Confirmation of the Plan, the consummation of the Plan or the administration of the Plan or the property to be distributed under the Plan, except for willful misconduct or gross negligence.

### 10.03  Injunction

The Debtors will be seeking an injunction protecting the Debtors/Post-Confirmation Debtors and their Estate and assets, except as provided in the Plan, until the entry of an order by the Bankruptcy Court granting the Debtors a discharge upon performance of all their duties and obligations under the Plan. The injunction will be sought because under the Bankruptcy Code [11 U.S.C. § 1141(d)(5)] where, as here, the debtors in a Chapter 11 case are individuals, Confirmation of the Plan does not discharge any debt provided for in the Plan until the Bankruptcy Court grants a discharge upon completion of all payments under the Plan. Therefore, at the Confirmation Hearing the Debtors will request the Bankruptcy Court to enter a Confirmation Order providing that, as of the Confirmation Date, as to every holder of debt or Claims against the Debtors, the holders of such debt or Claim shall be enjoined from interfering with the Debtors'/Post-Confirmation Debtors' ability to carry out the terms of the Plan. The order will further provide that in the event of default by the Debtors/Post-Confirmation Debtors under the Plan a Claimant may make appropriate applications to the Bankruptcy Court seeking relief from such injunction.

### Article XI
### RETENTION OF JURISDICTION

Following the Confirmation Date and until such time as all Distributions required to be made and all other obligations required to be performed under the Plan have been made and performed and the final decree has been entered closing the Chapter 11 Case, the Bankruptcy Court

shall retain jurisdiction over this case and all proceedings within under the provisions of the Bankruptcy Code, including, without limitation, § 1142(b) thereof, and the Bankruptcy Rules, to ensure that the intent and the purpose of the Plan are carried out and given effect. Without limitation by reason of specification, the Bankruptcy Court shall retain jurisdiction for the following purposes:

(a)    To consider any modification of the Plan pursuant to § 1127 of the Bankruptcy Code and/or any other modification of the Plan after substantial consummation thereof;

(b)    To hear and determine:

(i)  all controversies, suits and disputes, if any, as may arise in connection with the interpretation, implementation, consummation or enforcement of the Plan;

(ii)  all controversies, suits and disputes, if any, as may arise between or among me holders of any Class of Claim and the Debtors including, without limitation, proceedings to determine the allowance, classification, amount, or priority of Claims;

(iii)  applications for allowance of compensation and expense reimbursement of Professionals for periods prior to the Effective Date;

(iv)  any and all applications, adversary proceedings and litigated matters;

(v)  to enter a final decree closing the Chapter 11 Case; and

(vi)  to the extent not expressly provided for above, any and all disputes arising under the Plan and proceedings in aid of the administration and/or consummation of the Plan.

### Article XII
### MISCELLANEOUS PROVISIONS

#### 12.01  Headings

Headings are used in the Plan for convenience of reference only and shall not constitute a part of the Plan for any other purpose.

### 12.02  **Revocation**

The Debtors shall have the right to revoke or withdraw the Plan at any time prior to the Confirmation Date. If the Plan is revoked or withdrawn, it shall be deemed null and void, and in such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claim by or against the Debtors, or any other entity, or to prejudice in any manner, the rights of the Debtors or any entity in any further proceeding involving the Debtors.

### 12.03  **Notices**

Any notice to the Debtors or the Post-Confirmation Debtors required or permitted to be provided under the Plan shall be in writing and shall be served by either: (a) certified mail, return receipt requested, postage prepaid; (b) hand delivery; or (c) reputable overnight delivery service, freight prepaid, to be addressed as follows:

If to the Debtors or the Post-Confirmation Debtors:

Eric David Valcich and Jenna Marie Cosmo
65 High Street
Armonk, NY 10504

With a copy to:

Penachio Malara, LLP
Attn: Anne Penachio
235 Main Street
White Plains, NY 10601

### 12.04  **Pre-Confirmation Modification**

On notice to and opportunity to be heard by the U.S. Trustee, the Plan may be altered, amended or modified by the Debtors prior to the Confirmation Date as provided in § 1127 of the Bankruptcy Code.

**12.05**  **Post-Confirmation Immaterial Modification**

After the Confirmation Date and prior to substantial consummation of the Plan, the Post-Confirmation Debtors may, under § 1127(b) of the Bankruptcy Code, institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, and such matters as may be necessary to carry out the purposes and effects of the Plan, if such proceedings do not materially adversely affect the treatment of holders of the Claims under the Plan; *provided, however,* that prior notice of such proceedings shall be served in accordance with the Bankruptcy Rules or order of the Bankruptcy Court.

**12.06**  **Successors and Assigns**

The rights, benefits and obligations named or referred to in the Plan shall be binding on, and shall inure to the benefit of the Debtors and all holders of Claims, their respective successors and assigns. The provisions of all documents executed under or in connection with this Plan shall be valid, enforceable and binding upon and inure to the benefit of the Debtors and all other parties thereto and their respective predecessors, successors, assigns, agents, officers and directors.

**12.07**  **Governing Law**

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and the Bankruptcy Rules), the laws of the State of New York shall govern the construction and implementation of the Plan and, unless otherwise stated therein, any agreements, documents, and instruments executed in connection with the Plan.

### 12.08   Saturday, Sunday or Legal Holiday

If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

### 12.09   Enforceability

Should any provision in the Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability or operative effect of any and all other provisions of the Plan.

### 12.10   Plan Controls

To the extent the Plan is inconsistent with the Disclosure Statement, the provisions of the Plan shall be controlling.

### 12.11   Reservation of Rights

Neither the filing of the Plan nor any statement or provision contained therein shall be or be deemed to be an admission against interest. In the event that the Effective Date shall not occur, neither the Plan nor any statement contained therein may be used or relied upon in any manner in any suit, action, proceeding, or controversy within or outside of the Chapter 11 Case.

### 12.12   Substantial Consummation

The Plan will be deemed substantially consummated, as such terms is used in § 1101(2) of the Bankruptcy Code, upon the commencement of Distributions to the holders of any Class of Claims under the Plan. Following such substantial consummation, any appeal, rehearing or other

post-Confirmation motion of any nature with respect to the Plan or the Confirmation Order except

as specifically provided herein or therein shall be rendered moot and no longer justiciable.

## Article XIII
## CONFIRMATION REQUEST

The Debtors hereby request Confirmation of the Plan pursuant to § 1129 of the Bankruptcy
Code.

Dated:  White Plains, New York
        August 10, 2017

                                        Respectfully submitted,

                                        PENACHIO MALARA, LLP

                                        ____/s/ Anne Penachio____
                                            Anne Penachio
                                        Counsel for Debtors
                                        235 Main Street Suite 610
                                        White Plains, NY 10601
                                        (914) 946-2889